UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RAYCHELLE OF: BURWELL       :
                            :
v.                          :     C.A. No. 21-00265-WES
                            :
MATTHEW M. DAILEY, ESQ., et. al.  :

**REPORT AND RECOMMENDATION FOR
SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge

Pending before me for determination is Plaintiff's Application to Proceed In Forma Pauperis ("IFP") (ECF No. 2) pursuant to 28 U.S.C. § 1915 without being required to prepay costs or fees, including the $402.00 civil case filing fee. After reviewing Plaintiff's Application signed under penalty of perjury, I conclude that Plaintiff is unable to pay fees and costs in this matter and thus, Plaintiff's Application to Proceed IFP (ECF No. 2) is GRANTED. However, I do take note of the apparent discrepancy between Plaintiff's reported financial situation and her claim in Case 21-cv-00264-WES that she acquired the waterview home at issue in that litigation by "purchase and sale executed 21 January 2021."

Having granted IFP status, this Court is required by statute to further review Plaintiff's Complaint sua sponte under 28 U.S.C. § 1915(e)(2)(B) and to dismiss this suit if it is "frivolous or malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." For the reasons discussed below, I recommend that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE.

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant

with immunity. 28 U.S.C. § 1915(e)(2)(B). The standard for dismissal of an action taken IFP is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

**Discussion**

I recommend that Plaintiff's Complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). In making this recommendation, I have taken all of the allegations in Plaintiff's Complaint as true and have drawn all reasonable inferences in her favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, I have liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a pro se litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiff's Complaint, dismissal is required.

As drafted, the Complaint fails to comply with Rule 8. Plaintiff purports to bring claims against an Attorney, the Warwick City Clerk, and the Warwick Tax Assessor. However, her Complaint does not inform Defendants or the Court as to the relevant facts and claims, nor does it permit Defendants to answer the Complaint and prepare for trial. The Complaint states that it is based on the "violation of Constitutional Rights pursuant to 18 U.S.C. Sec. 241 and Sec. 2414 Conspiracy against Rights…." and refers to the "crimes" alleged in the Complaint, but also states without specificity that "real property was re-classified, without permission, for the sole purpose of taxation." (ECF No. 1 at pp. 1-2). Furthermore, Plaintiff quotes extensively from various court cases, but does not connect such quotations and citations to the alleged claims she seeks to make. In short, as Judge Easterbrook summarized, "Rule 8(a) requires parties to make their pleadings straight forward, so that judges and

adverse parties need not try to fish a gold coin from a bucket of mud." Parker v. Learn the Skills Corp., No. 03-6936, 2004 WL 2384993 (E.D. Pa. Oct. 25, 2004) (quoting United States, ex rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003)).

Further, Plaintiff cites her reliance upon both Sections 241 and 242 of 18, United States Code. As noted in the Report and Recommendation accompanying her other recent civil filing (Case 21-cv-00264-WES), Plaintiff's reliance on these statutes is misplaced because criminal statutes do not provide a private right of action. See, e.g., Clinton v. Jones, 520 U.S. 681, 718 (1997) (holding that "criminal proceedings, unlike private civil proceedings, are public acts initiated and controlled by the Executive Branch."). Sharma v. Trump, No. 2:20-cv-944-TLN-EFB PS, 2020 WL 5257709, at *2 (E.D. Cal. Sept. 3, 2020), report and recommendation adopted, No. 2:20-cv-00944-TLN-EFB, 2020 WL 5944189 (E.D. Cal. Oct. 7, 2020) (no private right of action under 18 U.S.C. § 595). Plaintiff is not permitted to bring a civil action under 18 U.S.C. § 241 or 18 U.S.C. § 242, or any of the other criminal statutes cited in her Complaint, and any such allegations must be dismissed for failure to state a claim.

Finally, Plaintiff asserts that her "First Claim" is for "Unlawful Taxation" and alleges her "private property is charged a direct tax on that which she already owns." (ECF No. 1 at p. 13). To the extent that Plaintiff is challenging the collection of real estate taxes, the Tax Injunction Act of 1937 bars this Court from assuming jurisdiction to hear such a case. See 28 U.S.C. § 1341. The Tax Injunction Act provides "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." Id. In Rumford Free Catholic Library v. Town of Rumford, No. 20-cv-66-JDL, 2020 WL 3128907, * 3 (D. Me. June 12, 2020), the Court noted that "property taxes… are state taxes within the meaning of the Act.…" Accordingly, to the extent this lawsuit is an attempt to challenge real estate taxes levied, Plaintiff has adequate state law avenues to do so and, this Court lacks jurisdiction.

**Conclusion**

For the reasons stated, Plaintiff's Motion to Proceed IFP (ECF No. 2) is GRANTED. However, pursuant to 28 U.S.C. § 1915(e)(2)(B), I further recommend that Plaintiff's Complaint (ECF No. 1) and this case be DISMISSED WITHOUT PREJUDICE.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
June 29, 2021